UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD J. BAILEY,

                            Plaintiff,

                                                                          <u>DECISION AND ORDER</u>

                                                                            11-CV-6350L

                        v.

VILLAGE OF PITTSFORD,

                            Defendant.
_____

        Plaintiff Edward Bailey brings this action against his former employer, the Village of Pittsford (the "Village"), alleging age discrimination claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"). Plaintiff also asserts that the Village unlawfully deprived him of property pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution when it failed to provide him a hearing before discharging him from his former position. Discovery is now completed and the Village moves for summary judgment dismissing the plaintiffs' claims (Dkt. #13). For the reasons that follow, the Village's motion for summary judgment is granted, and the Amended Complaint (Dkt. #6) is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

        Plaintiff, an individual over the age of forty, was hired by the Village to a civil service position in October 1999. Plaintiff's position required him to perform the combined duties of Building Inspector and Code Enforcement Officer, as well as fire inspections.

Beginning in 2005, the year Steve Maddox was first elected to the Village's Board of Trustees, through 2009, plaintiff received annual employee performance evaluations, which ranged from "satisfactory" to "unsatisfactory."

In and around 2010, the Village trustees determined that the Village needed to reduce its annual expenses by $54,000 in order to maintain a balanced budget, and initiated budget cutbacks. On April 28, 2010, plaintiff was informed that his full-time position was being cut in order to save costs. He was offered, and accepted, a newly-created part-time Building Inspector position with a lower salary and no benefits. (The Fire Marshal duties formerly performed by the plaintiff were delegated to the Town of Pittsford, which performed those duties free of charge for the first year, and for $7,800 annually thereafter.) Around the same time, the Village reduced the hours for five other employees, and reduced its capital expenditures for infrastructure and other improvements.

On May 26, 2010, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that the change in his position from full-time to part-time was motivated by his age. The NYSDHR investigated and found that the change in plaintiff's position was motivated solely by economic concerns, and was not the result of discrimination. This action followed.

## DISCUSSION

**I. Summary Judgment in Discrimination Cases**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir. 1989), "the salutary purposes of summary judgment –

avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

Plaintiff's claims of employment discrimination are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). Once plaintiff has established a prima facie case, the burden shifts to the Village to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to the plaintiffs, to supply evidence that the legitimate, nondiscriminatory reason offered by the Village is a pretext. *See St. Mary's Honor Center*, 509 U.S. 502, 508 (1993).

## II.  Plaintiff's Claim of Discrimination in Violation of the ADEA

It is undisputed that plaintiff was over the age of forty when, on April 13, 2010, the Village eliminated his full-time position. At the time, plaintiff's most recent employee assessments had found his work to be generally satisfactory.

Nonetheless, plaintiff fails to state a *prima facie* case of employment discrimination. Plaintiff was not replaced by a younger worker: his duties were divided between the Town of Pittsford, and a new, part-time position which was offered to him. Nor are there other circumstances which would suggest that the elimination of the plaintiff's full-time position was discriminatory. At the time the full-time position was cut, eleven of the twelve full-time Village employees were over the age of

forty, as were four of the five Village Board members who voted to eliminate plaintiff's full-time position and replace it with a part-time one. *See generally Davis v. Peake*, 2011 U.S. Dist. LEXIS 107380 at *20 (S.D.N.Y. 2011) (plaintiff fails to raise an inference of age-based discrimination where the relevant decision makers "were well within the protected class"); *Johnson v. New York City Board of Educ.*, 2000 U.S. Dist. LEXIS 17410 at *26 (E.D.N.Y. 2000) (noting in a race-based discrimination case that where the protected class is well-represented in the employer's workforce, the "demographics . . . [do] not imply discrimination"). Plaintiff was not singled out: although the plaintiff's position appears to have been the most drastically reduced, the Board also implemented wage reductions and diminished working hours for five other, younger employees.

Even assuming *arguendo* that plaintiff did establish a *prima facie* case, he cannot overcome the Village's legitimate, nondiscriminatory reason for replacing his full-time position with a part-time one. Plaintiff does not dispute that the Village faced budgetary issues in 2010 which required it to cut costs, or that the elimination of his position and reassignment of some of its duties to a part-time position has saved the Village at least $14,000 per year.

It is well settled that an employer is free to adjust its workforce for budgetary reasons, and "[a] reduction in force is a legitimate nondiscriminatory reason for termination." *Tutko v. James River Paper Co., Inc.*, 1999 U.S. App. LEXIS 28455 at *3 (2d Cir. 1999), *citing Parcinski v. Outlet Co.*, 673 F.2d 34, 36-37 (2d Cir. 1992). "The [ADEA] does not forbid essential corporate belt-tightening having no discriminatory motivation," *Tutko*, 1999 U.S. App. LEXIS 28455 at *3, and courts and juries do not operate as "super-personnel department[s]" to question an employer's staffing decisions. *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997). As such, the burden falls to plaintiff to show that the elimination of his full-time position and offer of employment in a part-time position was pretextual.

In arguing that the Village's actions were not primarily motivated by budgetary concerns, plaintiff notes that the Village offered testimony before the NYSDHR that the choice to retain the Building Inspector duties in crafting a part-time position (but not the Fire Marshal duties) was

motivated by plaintiff's alleged poor performance as Fire Marshal. Plaintiff essentially argues that because the Village testified previously to a two-fold motivation, and now offers evidence pertaining solely to the budget, the Court should reject the Village's explanation for its actions altogether.

First, the plaintiff appears to misunderstand the testimony offered by the Village. The Village Board never claimed that it eliminated plaintiff's full-time position because of his performance: rather, once the decision to eliminate the full-time position was made based on budgetary concerns, the Village considered plaintiff's performance in determining which set of duties (Building Inspector or Fire Marshal) to retain as a part-time position, and which to assign elsewhere. Even if the Village relied on a combination of nondiscriminatory factors in deciding to eliminate the full-time position, there is no evidence to suggest that those factors were a pretext for discrimination. Plaintiff has produced no evidence that either the Village's budget problems or his performance problems were fabricated or exaggerated by the Village, nor has he produced any evidence to suggest that the true reason for the elimination of his full-time position was age-based discrimination. *See Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir. 2000) (in order to resist summary judgment, plaintiff "must demonstrate . . . that the reduction-in-force and the allegation of poor performance are actually a pretext and that the real reason for his discharge was his age").

Accordingly, I find that plaintiff has failed to rebut the Village's legitimate, nondiscriminatory reason for his termination – the need to reduce expenses (with or without the additional factor raised by plaintiff – his alleged poor performance as Fire Marshal). His discriminatory discharge claim is dismissed.

### III. Plaintiff's Fourteenth Amendment Due Process Claim Based on N.Y. Civil Service Law §75

Plaintiff also claims that he was unlawfully deprived of property without due process of law – specifically, he alleges that he was not afforded a hearing pursuant to N.Y. State Civil Service Law §75(1)(c) ("Section 75") prior to the elimination of his full-time position.

As a permanent civil service employee, plaintiff is clearly protected by Section 75 from discipline or discharge with out the benefit of a hearing. However, even granting plaintiff every favorable inference in construing the facts, plaintiff was neither disciplined nor discharged. Rather, his position was eliminated entirely and its duties were divided between the Town of Pittsford, and a new part-time position, which was offered to the plaintiff. The Village as a public employer has the authority and power to abolish civil service positions without a hearing, so long as the abolishment is for purposes of economy or efficiency, and is not done as a subterfuge to avoid civil service protections. *Biano v. Pitts*, 200 A.D.2d 741 (2d Dept. 1994).

Plaintiff argues that the Village eliminated his position for reasons other than economy or efficiency, based on the Village's alleged "admission" that the choice of which duties to retain as a part-time position was based on his poor performance. However, as discussed above, the unchallenged testimony by Village officials was that plaintiff's full-time position was abolished in order to reduce the Village's budget, and that it did, in fact, reduce expenses by $14,000 per year. Plaintiff has offered no evidence that the Village's decision to eliminate any part of plaintiff's duties was driven by some other, non-economic factor. (Dkt. #21-1 at Exh. C, 280:21-281:11, 318:17-321:8).

To the extent that plaintiff now claims that the economic reasons given for the abolishment of his full-time position *were* a subterfuge, it is well settled that a public employee seeking to challenge his termination on the grounds that he was not afforded a pre-termination hearing *must actually request a hearing prior to termination*. *See Dwyer v. Regan*, 777 F.2d 825 92d Cir. 1985) ("we have rejected here the proposition that a state must routinely provide pretermination hearings for employees whose positions are targeted for elimination and have held only that it must provide such hearings when requested"), *modified,* 793 F.2d 457 (2d Cir. 1986). *See also Fehlhaber v. Board of Educ. Of the Utica City Sch. Dist.*, 2012 U.S. Dist. LEXIS 92072 at *25 (N.D.N.Y. 2012) (in order to sustain a later claim that he was deprived of procedural due process, "the employee bears the responsibility to request [a pre-termination] hearing"); *Cifarelli v. Village of Babylon*, 894 F.

Supp. 614, 621 (E.D.N.Y. 1995) (plaintiff who fails to allege or prove that he requested a hearing prior to his termination is not entitled to recover for the failure to receive such a hearing), *aff'd*, 93 F.3d 47 (2d Cir. 1996) (agreeing with the lower court that an employee is "unmistakably obligated. . . to request a hearing prior to termination," but excusing the plaintiff from that requirement because he was given only a few hours' notice of his impending termination and thus had no meaningful opportunity to request a hearing)

It is undisputed that plaintiff was warned about the elimination of his position at least seventeen days prior to the Board's vote. Nonetheless, plaintiff makes no claim and offers no proof that he ever requested a hearing on the action. Accordingly, plaintiff's due process claim is dismissed.

## CONCLUSION

For the foregoing reasons, the Village's motion for summary judgment (Dkt. #13) is granted and the plaintiffs' Amended Complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 3, 2013.